IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TABATHA MARTIN; TRACY MARTIN; T.M., a minor, by her parents and next friends TABATHA MARTIN and TRACY MARTIN; KIONINA KENESO; K.H., a minor, by her next friend KIONINA KENESO; TANAKO YUG; GABRIEL YUG; G.Y., a minor, by his next friends TANAKO YUG and GABRIEL YUG; DIANA CHONIONG; JON JOSEPHSON; NORMA MANUEL; MENSI RIKAT; ARI RODEN; RIMUO RUNTE; SNOPIA WEINEI,<br><br>          Plaintiffs,<br><br>     vs.<br><br><br>CITY AND COUNTY OF HONOLULU; DOE EMPLOYEES OF CITY AND COUNTY OF HONOLULU 1-100,<br><br>          Defendants. | Civ. No. 15-00363 HG-KSC |

**ORDER DENYING PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER (ECF No. 12) WITHOUT PREJUDICE**


Plaintiffs are homeless or formerly homeless individuals who have filed a Complaint alleging that their personal property has been seized and destroyed by the City and County of Honolulu in violation of their rights pursuant to the Fourth and Fourteenth Amendments of the United States

1

Constitution.

Plaintiffs seek a temporary restraining order that prohibits the Defendant City and County from seizing and immediately destroying their property stored on sidewalks and other public property.  Plaintiffs also request an order that prevents the enforcement of the City and County's Sidewalk Nuisance and Stored Property Ordinances, set forth in Chapter 29, Articles 16 and 19 of the Revised Ordinances of Honolulu, until the City and County changes its procedures and practices.

Defendant contends that it complies with the procedures set forth in the City and County's ordinances and does not immediately destroy personal property as alleged by Plaintiffs.

The Court found at the September 22, 2015 hearing on the Plaintiffs' Application for a Temporary Restraining Order that the evidence put forward by the Parties did not support an issuing of a Temporary Restraining Order.

Plaintiffs' Application for a Temporary Restraining Order (ECF No. 12) is **DENIED WITHOUT PREJUDICE.**

## PROCEDURAL HISTORY

On September 16, 2015, Plaintiffs filed a Complaint.

2

(ECF No. 1).

On September 21, 2015, Plaintiffs filed PLAINTIFFS'
APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR
PRELIMINARY INJUNCTION.  (ECF No. 12).

On September 22, 2015, Defendant filed DEFENDANT CITY AND
COUNTY OF HONOLULU'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR TEMPORARY RESTRAINING ORDER.  (ECF No. 16).

On September 22, 2015, the Court held a hearing on
PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER.  The
Court denied the Plaintiffs' Application for Temporary
Restraining Order without prejudice.  This written order sets
forth the Court's basis for the oral order rendered at the
hearing on September 22, 2015.

At the conclusion of the hearing, the Parties requested a
few months time to conduct depositions before the hearing on
the Plaintiffs' Motion for a Preliminary Injunction.  The
Court ordered the Parties to set a status conference with the
Magistrate Judge regarding the hearing date and scheduling
deadlines and set a hearing on the status of the case for
December 14, 2015.  (ECF No. 18).

## BACKGROUND

Plaintiffs state that they are homeless or formerly

3

homeless individuals who have lived on public property owned
or controlled by the Defendant City and County of Honolulu.
(Complaint at ¶¶ 1, 13-21, 28, ECF No. 1).  Plaintiffs seek to
represent a class of "[a]ll homeless or formerly homeless
individuals whose property was seized and immediately
destroyed by the City and County of Honolulu." (Id. at ¶
125).

Plaintiffs have not received class certification.

Plaintiffs claim that on November 13, 2014, and September
8, 2015, the Defendant City and County of Honolulu seized
their personal property pursuant to two ordinances: the
"Sidewalk Nuisance Ordinance" in Chapter 29, Article 16 of the
Revised Ordinances of Honolulu and the "Stored Property
Ordinance" in Chapter 29, Article 19 of the Revised Ordinances
of Honolulu.  (Id. at ¶¶ 32, 40-65).  Plaintiffs claim the
City and County planned to conduct further "sweeps" on
September 21 and 22, 2015.  (Pla.'s Memorandum in Support of
their TRO Application at p. 4, ECF No. 12-3).

The Sidewalk Nuisance Ordinance, Revised Ordinances of
Honolulu ("ROH") §§ 29-16.1 et seq., allows for the summary
removal of nuisances on public sidewalks.  The ordinance
requires the City and County to provide written notice of the
removal of the sidewalk-nuisance following removal.  ROH § 29-

16.3(b)(2).  A sidewalk-nuisance removed by the City and County may be reclaimed by the owner within thirty days upon payment of $200, or upon receipt of a fee-waiver.  ROH § 29-16.3(c).  An owner of a removed sidewalk-nuisance may contest removal to the Director of the City and County's Department of Facility Maintenance.  ROH § 29-16.3(d).

The Stored Property Ordinance, ROH §§ 29-19.1 et seq., prohibits persons from storing personal property on City and County public property.  The ordinance requires the City and County to provide written notice twenty-four hours before removing stored, personal property.  ROH § 29-19.3(b), 19.4. Stored, personal property removed by the City and County may be reclaimed by the owner within thirty days and the owner is assessed moving, storage, and other related fees.  ROH § 29-19.5(a)-(b).

Plaintiffs claim that the ordinances, as-applied by the City and County of Honolulu, have violated their rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.  (Complaint at ¶¶ 38-39, 136, 140, ECF No. 1).

Plaintiffs seek to prevent the alleged unconstitutional enforcement of the Sidewalk Nuisance and Stored Property Ordinances by requesting the Court issue a temporary

restraining order enjoining the City and County of Honolulu

from seizing and immediately destroying non-abandoned property

belonging to homeless individuals.  (Pla.'s Application for

TRO at p. 3, ECF No. 12).  Plaintiffs' Application for a TRO

further requests that the Court order the City and County to:

> discontinue any further enforcement actions until
> the City (a) serves complaint Notices of Enforcement
> Action; (b) trains its employees in the proper
> impoundment of seized property in compliance with
> the Sidewalk Nuisance ("SNO") and Stored Property
> Ordinances ("SPO"), Revised Ordinances of Honolulu
> 1990, as amended ("ROH"), Chapter 29, Articles 16
> and 19, respectively, and the Fourth and Fourteenth
> Amendments to the United States Constitution; (c)
> provides Summary Removal Notices to all affected
> persons with legible lists of Stored Items; (d)
> stores impounded property for no less than ninety
> days; and (e) provides translated forms and a
> simplified method for waiver of the $200.00 fee
> charged by the City for the costs of removal,
> storage and handling of removed property.

(Id. at p. 4).

Plaintiffs also request in their TRO Application that the

Court issue an order that "requires the City to provide a

post-deprivation process whereby indigent individuals may

retrieve their property without paying a $200.00 penalty,

within twenty-four hours, and without having to travel to

multiple offices around the island of Oahu." (Pla.'s

Memorandum in Support of their TRO Application at p. 5, ECF

No. 12-3).  Plaintiffs also request that they be able to

recover their property outside of normal business hours.

6

(Complaint at ¶ 38(c), ECF No. 1).

Plaintiffs assert that a temporary restraining order is necessary because the Defendant City and County has announced that it will be enforcing the Sidewalk Nuisance and Stored Property Ordinances in the Kakaako neighborhood of Honolulu in the near future. (Pla.'s Memorandum in Support of their TRO Application at pp. 4-5, ECF No. 12-3).

The Defendant City and County of Honolulu disputes the factual allegations set forth by the Plaintiffs. Defendant maintains that it complies with the procedures set forth in the Sidewalk Nuisance and Stored Property Ordinances and does not immediately destroy personal property. (Def.'s Memorandum in Opposition to Pla.'s TRO Application at pp. 11-12, ECF No. 16).

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 65, a district court may issue a temporary restraining order to prevent immediate and irreparable injury, loss, or damage to the movant. Fed. R. Civ. P. 65(b), (d); Fitspot Ventures LLC v. Bier, 2015 WL 5145513, *2 (C.D. Cal. Sept. 1, 2015).

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary

injunction.  <u>Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.</u>,
240 F.3d 832, 839 n.7 (9th Cir. 2001); <u>Yellen v. Hara</u>, Civ.
No. 15-00300 JMS-KSC, 2015 WL 4877805, *3-*4 (D. Haw. Aug. 13,
2015).

A plaintiff seeking a temporary restraining order must
establish:

(1)  a likelihood of success on the merits;

(2)  a likelihood of irreparable harm in the absence of
the restraining order;

(3)  that the balance of equities tips in favor of
issuing the restraining order; and,

(4)  that issuing the restraining order is in the public
interest.

<u>See</u> <u>Winter v. Natural Res. Def. Council</u>, 555 U.S. 7, 20
(2008); <u>DISH Network Corp. v. F.C.C.</u>, 653 F.3d 771, 776 (9th
Cir. 2011).

**<u>ANALYSIS</u>**

**I.  Likelihood of Success on the Merits**

The Complaint alleges that the City and County of
Honolulu has seized and destroyed Plaintiffs' personal
property in violation of their rights pursuant to the Fourth
and Fourteenth Amendments of the United States Constitution.

8

The Complaint brings "as-applied" challenges to the City and County's enforcement of the Sidewalk Nuisance Ordinance, set forth in Chapter 29, Article 16 of the Revised Ordinances of Honolulu ("ROH"), and the Stored Property Ordinance, ROH Chapter 29, Article 19.

### A.    Lavan v. City of Los Angeles

Plaintiffs largely rely on a decision by the Ninth Circuit Court of Appeals in Lavan v. City of Los Angeles, 693 F.3d 1022, 1031 (9th Cir. 2012) in support of its claims.

In Lavan, the plaintiffs were a group of homeless individuals who alleged that the City of Los Angeles had seized and immediately destroyed their unabandoned, personal property that was left on public sidewalks.  Id. at 1025.  The City of Los Angeles did not dispute the plaintiffs' allegations and admitted that it had a policy and practice of seizing and destroying homeless persons' unabandoned possessions.  Id.  The City of Los Angeles also conceded that it did not provide any notice or an opportunity to be heard to the plaintiffs either before or after seizing their property. Id. at 1032.

In Lavan, the district court granted the plaintiffs' request for a preliminary injunction to prevent the City of

9

Los Angeles from seizing property absent an objectively reasonable belief that it was abandoned, was a threat to health of safety, or was evidence of a crime or contraband. Id. at 1024.  The preliminary injunction also prevented the destruction of seized property for a period of less than ninety days unless it was a threat to public health of safety. Id.

The City of Los Angeles appealed the district court's order in Lavan.  Id.  On appeal, the Ninth Circuit Court of Appeals recognized that the facts were largely undisputed. Id.  The appellate court found that the plaintiffs had established a likelihood of success on the merits of their Fourth and Fourteenth Amendment claims on the basis that the City had admittedly seized and destroyed the plaintiffs' property without any form of notice or hearing.  Id. at 1030-33.

The facts of the Motion before the Court here are disputed.  The Defendant City and County of Honolulu asserts that it does not seize and destroy property as was done by the defendant in Lavan.  The City and County states that it complies with the procedures set forth in the Sidewalk Nuisance and Stored Property Ordinances.

The Sidewalk Nuisance Ordinance, ROH § 29-16.1 et seq.,

and Stored Property Ordinance, ROH § 29-19.1 et seq., have
been previously subject to constitutional challenges in this
District in De-Occupy Honolulu v. City and County of
Honolulu and in Russell v. City and County of Honolulu.

### B.   De-Occupy Honolulu v. City and County of Honolulu

In De-Occupy Honolulu v. City and County of Honolulu,
Civ. No. 12-00668 JMS-KSC, 2013 WL 2285100, *5-*7 (D. Haw. May
21, 2013), the plaintiffs filed a motion for a preliminary
injunction to prevent the City and County of Honolulu from
enforcing the Stored Property Ordinance, ROH § 29-19.1 et seq.
The plaintiffs argued that the Stored Property Ordinance, on
its face, violated the due process clause of the Fourteenth
Amendment of the United States Constitution.

In De-Occupy Honolulu, the District Court found the
ordinance to be constitutional in that the Stored Property
Ordinance includes several safeguards to prevent the erroneous
deprivation of Plaintiffs' property.  The ordinance requires
the City to: (1) provide twenty-four hours written notice
before items are seized, ROH §§ 29-19.3(b), 29-19.4(a); (2)
provide post-seizure notice describing the items that have
been taken and the location where they may be retrieved, ROH §
29-19.5(b); and (3) hold seized items for at least thirty days

11

before destruction.  Id. at *6.  The District Court found the plaintiffs did not demonstrate that the Stored Property Ordinance was unconstitutional on its face because "at every step—pre-seizure, post-seizure, and pre-destruction—the City is required to 'announce its intentions' and allow Plaintiffs the opportunity to either move their items away from public property to avoid seizure or retrieve them post-seizure.  Id. (citing Lavan, 693 F.3d at 1032).

The Parties in De-Occupy Honolulu v. City and County of Honolulu ultimately Stipulated to Dismiss the case with prejudice.  Civ. No. 12-00668 JMS-KSC at ECF Nos. 166, 200, 204.

## C.   Russell v. City and County of Honolulu

In Russell v. City and County of Honolulu, Civ. No. 13-00475 LEK-RLP, 2013 WL 6222714, *6-*7, (D. Haw. Nov. 29, 2013), the plaintiffs filed a motion for a preliminary injunction arguing that the Sidewalk Nuisance Ordinance, ROH § 29-16.1 et seq., both facially and as-applied, violated the due process clause of the Fourteenth Amendment.  The District Court issued an order granting, in part, and denying, in part, the plaintiffs' preliminary injunction motion.  Id. at *1.

The District Court in Russell denied the motion on the

facial challenge to the Sidewalk Nuisance Ordinance.  Id. at
*7-*12.  The procedures set forth in the Sidewalk Nuisance
Ordinance, along with the applicable City and County hearing
rules and administrative directives, were found to comply with
the requirements of due process.  Id. at *12.

The District Court in Russell did find that the
plaintiffs had demonstrated a likelihood of success on the
merits of their "as-applied" challenge to the Sidewalk
Nuisance Ordinance and issued a preliminary injunction on that
basis.  Id. at *14-*18.  The District Court was concerned that
the City and County of Honolulu had not complied with the
procedures set forth in the Sidewalk Nuisance Ordinance and
had not provided sufficient notice to individuals whose
property was seized.  Id. at *15.

In Russell, the City and County had provided Summary
Removal Notices to the plaintiffs but the District Court found
that the "Summary Removal Notices that [the plaintiffs]
received after the removal of their property ... did not
inform them that they could reclaim their necessities without
paying the fee and without a hearing, nor did the notices
inform them that they could seek a waiver of the fee from the
hearings officer if the fee was onerous for them."  Id. at
*14.  The District Court concluded that the City and County of

13

Honolulu's enforcement of the Sidewalk Nuisance Ordinance was likely unconstitutional as it was applied to the plaintiffs, given the deficiencies in the Summary Removal Notices provided. Id. at *15.

The District Court in Russell ordered the City and County of Honolulu to return the plaintiffs' property and revise its form Summary Removal Notice, and any other similar notices, to include notice to the property owner of the right to reclaim necessities without a fee and without a hearing, as well as notice of the right to seek a waiver of the fee for the remaining items from the hearings officer. Id. at *18. The District Court also required the City and County to give oral notice to the property owners, to the extent they are present at the time of the removal of items pursuant to the Sidewalk Nuisance Ordinance. Id.

Following the Court's Order, the Defendant City and County of Honolulu filed a Motion for Reconsideration, which was denied. Russell v. City and County of Honolulu, Civ. No. 13-00475 LEK-RLP, 2014 WL 356627, *1 (D. Haw. Jan. 30, 2014). The Parties subsequently entered into a Stipulation to Dismiss the case with prejudice. Russell v. City and County of Honolulu, Civ. No. 13-00475 LEK-RLP, ECF No. 42.

The Defendant City and County of Honolulu represented at

14

the hearing in this case on Plaintiffs' Application for
Temporary Restraining Order on September 22, 2015, that since
the ruling granting, in part, plaintiff's motion for a
preliminary injunction in <u>Russell v. City and County of
Honolulu</u>, it has complied with the requirements of the
District Court's order.  The City and County represented that
it revised its Summary Removal Notices to inform property
owners of the right to reclaim necessities without a fee and
without a hearing, as well as notice of the right to seek a
waiver of the fee for the remaining items.

> ### D.   Plaintiffs' Evidence of the Defendant's Practices and Policies Enforcing the Stored Property and Sidewalk Nuisance Ordinances

Plaintiffs have submitted a number of declarations in
support of their Application for a Temporary Restraining
Order, claiming that the City and County removed and destroyed
their property without notice.  (<u>See</u> Declarations ("Decl.")
attached as Ex. 4 to Pla.'s Application for TRO: Decl. of Jon
Josephson at ¶¶ 5-11, ECF No. 12-10; Decl. of Tabatha Martin
at ¶¶ 8-14, 19-20, ECF No. 12-11; Decl. of Tracy Martin at ¶¶
5-10, 12-14, ECF Nos. 12-12; Decl. Of Corilynn Wallace at ¶¶
5-6, 10-11, ECF No. 12-15; Decl. of Gabriel Yug at ¶¶ 7-9, ECF
No. 12-16; Decl. of Tanako Yug at ¶¶ 8-9, ECF No. 12-17).

Plaintiffs also included photographs in their Complaint that they label as City and County workers placing a tent into a garbage truck.   (Complaint at pp. 18-20, ECF No. 1).


**E.   Defendant's Evidence of its Practices and Policies Enforcing the Stored Property and Sidewalk Nuisance Ordinances**

The Defendant City and County of Honolulu disputes Plaintiffs' claims.  Ross Sasamura, Director and Chief Engineer for the City and County of Honolulu's Department of Facility Maintenance asserts that the City and County does not seize and immediately destroy property when enforcing the Sidewalk Nuisance and Stored Property Ordinances. (Declaration of Ross S. Sasamura, P.E., Director and Chief Engineer of the Department of Facility Maintenance, City and County of Honolulu, ("Sasamura Decl.") at ¶ 3, ECF No. 16-1).

**1.   Evidence as to the Disposal of Items that Pose a Risk to Public Health or Safety**

The Defendant City and County claims that it does not dispose of personal property when enforcing the ordinances and only disposes of items that pose a risk to public health or

safety.  (Declaration of Kenneth Shimizu, former Deputy
Director and former Acting Director of the Department of
Facility Maintenance, City and County of Honolulu ("Shimizu
Decl.") at ¶¶ 6, 10, ECF No. 16-2).

Director Sasamura asserts that "other than empty cups,
plastic bottles and caps, used napkins, and empty packages and
plastic bags, nothing is thrown away when the [City and County
of Honolulu] enforces the [Sidewalk Nuisance Ordinance]."
(Sasamura Decl. at ¶ 16, ECF No. 16-1).

The Defendant City and County provided photographs of
seized items that it considers health risks including used
syringes and piles of plastic, garbage, and litter on a
Honolulu city sidewalk that measures approximately thirty feet
long.  (Photographs attached as Ex. B to Def.'s Memorandum in
Opposition to Pla.'s Motion for TRO, ECF No. 16-5; Shimizu
Decl. at ¶ 7, ECF No. 16-2).

The Defendant City and County put forth evidence that
items such as Social Security cards, medication, birth
certificates, financial documents, photographs, jewelry,
household utensils and other personal items are stored in
compliance with the City and County's ordinances and are not
discarded.  (Shimizu Decl. at ¶¶ 5, 9, ECF No. 16-2).

##### 2.   Evidence as to the Notices Provided by the City and County of Honolulu

There is evidence before the Court that the City and County of Honolulu has provided various forms of notice both before and after enforcing both the Sidewalk Nuisance Ordinance and the Stored Property Ordinance as-applied to plaintiffs.

There is evidence that signs have been posted days in advance of planned enforcement of the ordinances by the Defendant City and County of Honolulu.  (See Notice of Enforcement Action flyers posted before enforcement occurred, attached as Exs. 1-4 to Pla.'s Application for TRO, ECF Nos. 12-5, 12-6, 12-7, 12-8).  The signs appear to provide some notice in Chuukese language.  ("Esinesinen Apochokunen Annuk" and "Esinesinen Ren Angangen Opochokkunen Annuk" attached as Exs. 2-3 to Pla.'s Application for TRO, ECF Nos. 12-6, 12-7).

The evidence provided by the Defendant City and County of Honolulu indicates that when individuals are present at the site of enforcement, the City and County gives oral notice prior to the enforcement of the ordinances and individuals are given at least fifteen minutes to gather their belongings.  (Sasamura Decl. at ¶ 16, ECF No. 16-1).

The City and County has also provided copies of Summary

18

Removal Notices they claim have been provided to individuals after their property has been removed. (Summary Removal Notices provided after enforcement, attached as Ex. A to Def.'s Memorandum in Opposition to Pla.'s Motion for TRO, ECF No. 16-4; see Sasamura Decl. at ¶ 6-10, ECF No. 16-1). The Summary Removal Notices put forth by the City and County of Honolulu give notice to individuals as to how to recover their removed personal property. (Sasamura Decl. at ¶ 6, ECF No. 16-1).

The Defendant City and County of Honolulu asserts that the Summary Removal Notices they provide comply with the requirements of the District Court's preliminary injunction order in Russell. (Sasamura Decl. at ¶¶ 7, 9, and at pp. 6-7, ECF No. 16-1). The Defendant claims the notice advises the property owner of the right to reclaim necessities without a fee and without a hearing, as well as notice of the right to seek a waiver of the fee for the remaining items. (Id.)

In addition, the Defendant City and County of Honolulu has provided evidence that when an individual is present at the enforcement site oral notice is given as to the individual's right to reclaim necessities without a fee and without a hearing and the right to seek a waiver of the fee for the remaining items. (Id. at ¶ 9).

19

**F.    Plaintiffs Have Not Established a Likelihood of Success on the Merits for their As-Applied Constitutional Challenges to the Stored Property and Sidewalk Nuisance Ordinances**

The Plaintiffs have not established a likelihood of success on the merits based on the evidence currently before the Court.  There are insufficient facts to find a likelihood of success on an "as-applied" constitutional challenge at this time.

The City and County states that it only disposes of items that pose a risk to public health or safety, as was permitted by the injunction issued in <u>Lavan</u>, 693 F.3d at 1026 (upholding a preliminary injunction that prevented the City of Los Angeles from seizing property unless it objectively presented as abandoned, as an immediate threat to public health or safety, or as contraband or evidence of a crime).

In <u>De-Occupy Honolulu</u> and in <u>Russell</u>, the Sidewalk Nuisance and Stored Property Ordinances were found to comply with due process requirements of the Fourteenth Amendment on their face.  The District Court in <u>Russell</u> did issue a preliminary injunction for the plaintiffs, finding there was a likelihood of success on their as-applied challenge to the Sidewalk Nuisance Ordinance, but there is evidence that the City and County has since adopted and complied with the

20

District Court's notice requirements as set forth in <u>Russell</u>.

There is also evidence that the City and County has provided additional notices before its enforcement actions, beyond the notice requirements set forth in the Sidewalk Nuisance Ordinance.

## II.  Likelihood of Irreparable Harm

Plaintiffs seeking a temporary restraining order must demonstrate that irreparable injury is <u>likely</u> in the absence of a restraining order.  <u>Yellen</u>, 2015 WL 4877805, at *4; <u>see</u> <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1135 (9th Cir. 2011).

Plaintiffs have not established a likelihood of irreparable harm in the absence of a temporary restraining order.  The City and County has represented that it complies with the procedures set forth in the Sidewalk Nuisance and Stored Property Ordinances and does not seize and immediately destroy personal property.

Pursuant to the Sidewalk Nuisance and Stored Property Ordinances, impounded property may be recovered upon payment of a fee or upon obtaining a fee waiver.  ROH §§ 29-16.3(c), 29-19.5; (Sasamura Decl. at ¶ 14, ECF No. 16-1).  A pecuniary interest alone is insufficient to demonstrate a likelihood of

irreparable harm.  <u>Regents of the Univ. of Cal. v. Am. Broad.</u>
<u>Co.</u>, 747 F.2d 511, 519 (9th Cir. 1984).

The Defendant City and County of Honolulu has put forth
evidence that it only discards property that is abandoned or
poses a risk to the health and safety of the community, such
as used syringes, empty bottles, used napkins, empty packages,
plastic bags, garbage, and litter.  (Sasamura Decl. at ¶ 16,
ECF No. 16-1; Shimizu Decl. at ¶¶ 7, 10, ECF No. 16-2).  The
removal of such items does not support a finding of a
likelihood of irreparable harm to the Plaintiffs.

## III.       Balance of Equities

A court must identify the possible harm caused by issuing
the temporary restraining order against the possibility of the
harm caused by not issuing it in order to determine which way
the balance of the equities tips.  <u>Univ. of Hawaii Prof'l</u>
<u>Assembly v. Cayetano</u>, 183 F.3d 1096, 1108-09 (9th Cir. 1999).

The Court recognizes that Plaintiffs have a strong
interest in the continued ownership of their personal
property, especially given that the property impounded by the
ordinances may be everything that a homeless person owns.
<u>Lavan</u>, 693 F.3d at 1031-32.  The Stored Property and Sidewalk
Nuisance Ordinances include several safeguards to prevent the

22

unlawful deprivation of Plaintiffs' personal property.  The
protections provided by the ordinances weigh in favor of
denying the application for a temporary restraining order.

Without a temporary restraining order, the Plaintiffs
will be required to continue to comply with the Stored
Property and Sidewalk Nuisance Ordinances.  The Court finds
the possible hardship in denying the temporary restraining
order is low given that individuals have a responsibility to
remove their personal property from public property after they
are given notice that they are in violation of the City's
ordinances.

If the Court grants the temporary restraining order, the
Defendant City and County of Honolulu will not be able to
enforce its own ordinances, and the sidewalks and public
spaces in the community can be obstructed.  A temporary
restraining order that prohibited the City and County from
enforcing the Stored Property and Sidewalk Nuisance Ordinances
would also prevent the City and County of Honolulu from
removing hazards that may pose health and safety risks to the
public.

The Court finds that the balance of the equities weighs
in favor of denying the temporary restraining order.

23

## IV.   Public Interest

The Court evaluates the public interest in light of the likely consequences of the temporary restraining order. Stormans, Inc. v. Selecky, 586 F.3d 1109, 1139-40 (9th Cir. 2009).

The public has a strong interest in ensuring that the City and County of Honolulu enforces its ordinances in a constitutional manner.  The public also has an interest in individuals' rights to maintain personal property.

There is insufficient evidence at this time that the Defendant's enforcement of the ordinances against the Plaintiffs is unlawful.  The ordinances contain procedural protections that prevent the unlawful removal and destruction of an individual's personal property.

The likely consequences of issuing the temporary restraining order would be continued obstruction of the City and County's sidewalks and public property.  The public has a strong interest in being able to safely use and enjoy both the public sidewalks and the City and County of Honolulu's property, including public parks.

The Court finds that the public interest factor weighs in support of denying the request for a temporary restraining

24

order.

After considering all four factors in the <u>Winter</u> test, Plaintiffs' Application for Temporary Restraining Order is **DENIED WITHOUT PREJUDICE.**


<u>**CONCLUSION**</u>


PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER (ECF No. 12) is **DENIED WITHOUT PREJUDICE.**


IT IS SO ORDERED.

DATED:     Honolulu, Hawaii, October 1, 2015.



_/s/ Helen Gillmor_

Helen Gillmor
United States District Judge


Tabatha Martin; Tracy Martin; T.M., a minor, by her parents and next friends Tabatha Marin and Tracy Martin; Kionina Keneso; K.H., a minor, by her parents and next friends Kionina Keneso; Tanako Yuq; Gabriel Yuq; G.Y., a minor, by his next friends Tanako Yuq and Gabriel Yuq; Diana Chonionq; Jon Josephson; Norma Manual; Mensi Rikat; Ari Roden; Rimuo Runte; and Snopia Weinei v. City and County of Honolulu; Doe Employees of City and County of Honolulu 1-100; Civ. No. 15-00363 HG-KSC; **ORDER DENYING PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER (ECF No. 12) WITHOUT PREJUDICE**