IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TABATHA MARTIN; TRACY MARTIN; T.M., a minor, by her parents and next friends TABATHA MARTIN and TRACY MARTIN; KIONINA KENESO; K.H., a minor, by her next friend KIONINA KENESO; TANAKO YUG; GABRIEL YUG; G.Y., a minor, by his next friends, TANAKO YUG and GABRIEL YUG; DIANA CHONIONG; JON JOSEPHSON; NORMA MANUEL; MENSI RIKAT; ARI RODEN; RIMUO RUNTE; and SNOPIA WEINEI, individually and on behalf of the class of homeless or formerly homeless individuals whose property was seized and destroyed by City and County of Honolulu officials, | CIVIL NO. 15-00363 HG-KSC<br><br>FINDINGS AND RECOMMENDATION TO (1) GRANT JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT REGARDING INJUNCTIVE RELIEF; (2) PROVISIONALLY CERTIFY SETTLEMENT CLASS; (3) DIRECT DISSEMINATION OF NOTICE TO THE CLASS; AND (4) SET SCHEDULE FOR FINAL APPROVAL PROCESS |
| Plaintiffs, | |
| vs. | |
| CITY AND COUNTY OF HONOLULU, a municipal corporation, and DOE EMPLOYEES OF CITY AND COUNTY OF HONOLULU 1-100, | |
| Defendants. | |

1

## FINDINGS AND RECOMMENATION TO (1) GRANT JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT REGARDING INJUNCTIVE RELIEF; (2) PROVISIONALLY CERTIFY SETTLEMENT CLASS; (3) DIRECT DISSEMINATION OF NOTICE TO THE CLASS; AND (4) SET SCHEDULE FOR FINAL APPROVAL PROCESS

Having reviewed the Parties' Joint Motion for Preliminary Approval of Class Settlement Regarding Injunctive Relief ("Joint Motion"), filed July 29, 2016, along with the files and records of this case, including Doc. No. 96–2 (AMENDED STIPULATION RE: SCHEDULING and ORDER; EXHIBIT "A," hereinafter "Amended Stipulation"), attached hereto as Exhibit 1, which sets out the terms of the injunctive relief, the Court HEREBY FINDS AND RECOMMENDS as follows:

Plaintiffs filed a class action Complaint for Declaratory and Injunctive Relief and Damages on September 16, 2015, alleging violations of the Fourth and Fourteenth Amendments to the U.S. Constitution arising from enforcement actions by Defendant City and County Of Honolulu ("City") under the Stored Property Ordinance ("SPO"), Revised Ordinances of Honolulu § 29-19.1 *et seq*., and the Sidewalk Nuisance Ordinance ("SNO"), Revised Ordinances of Honolulu § 29-16.1 *et seq.*  Doc. No. 1.

Plaintiffs filed a Motion for Preliminary Injunction on November 3, 2015 (Doc. No. 36) ("Motion"), and the parties entered into a Stipulation, Re: Scheduling and Order on November 18, 2015 (Doc. No. 51), which addressed the

City's enforcement of the SPO and SNO prior to the scheduled January 25, 2016 hearing date on Plaintiffs' Motion.

The parties then participated in a series of highly contested but ultimately productive mediation sessions conducted by Chief Judge J. Michael Seabright. One result of the mediation was that the parties entered into an Amended Stipulation Re: Scheduling and Order on January 20, 2016.  (Exhibit 1)  The Amended Stipulation sets forth the terms of the final injunctive relief provided to the settlement class, including in Paragraph 11 the agreement of the parties to certify the following class for injunctive relief purposes only:  "All homeless or formerly homeless individuals whose property was seized and destroyed by the CITY AND COUNTY OF HONOLULU officials."  The mediation also led to the settlement of Plaintiffs' individual claims for damages, which are not the subject of the present Joint Motion.  The foregoing resolves all of the issues in this case.

In this Joint Motion, the parties request that the Court issue a Findings and Recommendation ("F&R"):

1.   granting preliminary approval of the class settlement for injunctive relief;

2.   certifying under Federal Rule of Civil Procedure ("FRCP") 23(b)(1) & (b)(2) an injunctive relief settlement class described as "all homeless and formerly homeless individuals whose property was seized and destroyed by the CITY AND COUNTY OF HONOLULU officials";

3.  approving the form of the proposed notice to class members, as well as the procedures for the provision of class notice, to be selected from the parties' proposals attached as Exhibits 1-4 to the Joint Motion;

4.  appointing class counsel pursuant to FRCP 23(g); and

5.  setting a date for a hearing, pursuant to FRCP 23(e), on the fairness, reasonableness, and adequacy of the settlement within 75 days after the filing of the F&R preliminarily approving the class settlement for injunctive relief or as soon thereafter as the Court is available, as well as other deadlines related to the final approval of the settlement.

## I.  CERTIFICATION OF SETTLEMENT CLASS

The Parties have proposed conditional certification of the defined settlement class.  The class may be certified if it meets the four requirements set forth in FRCP 23(a).  The Court must also ensure that at least one of the conditions in FRCP 23(b) is met.

All four FRCP 23(a) requirements are satisfied:  1) numerosity - the class has hundreds or thousands of estimated members; 2) commonality -   the claims involve a common policy and course of action on the part of the City; 3) typicality -  the representative parties all allege they suffered from that same common policy, such that their claims are typical of the rest of the class; and 4) adequate representation – the proposed class representatives will fairly and adequately represent the class based on the declarations they filed in support of class certification.  (Doc. Nos. 54-2, 54-3, and 54-4.)

In addition, the class meets FRCP 23(b)(2)'s requirements because the City is alleged to have acted pursuant to a policy generally applicable to the class, and the injunctive relief provided to the class in this settlement applies generally to the class.  The class also satisfies FRCP 23(b)(1)(A)'s requirements, because inconsistent adjudications for individual class members would establish incompatible standards of conduct for the City.

Preliminary approval of a settlement and notice to the proposed class is appropriate if the proposed settlement is the product of serious, informed, noncollusive negotiations.  *See Taylor v. Fedex Freight, Inc.*, No. 113CV01137DADBAM, 2016 WL 1588405, at *4 (E.D. Cal. Apr. 20, 2016) (citation omitted).  Such is the case here, as the settlement is the product of highly contested mediation sessions conducted by a federal court judge.

The Court therefore recommends that a class for injunctive relief be preliminarily certified, and defined as "all homeless or formerly homeless individuals whose property was seized and destroyed by CITY AND COUNTY OF HONOLULU officials".

## II.   APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

The Court finds that Plaintiffs Tabatha Martin and Tracy Martin (for themselves and on behalf of T.M., a minor), and Kionina Keneso (for herself and on behalf of K.H., a minor), have claims typical of absent class members and are

adequate representatives of those class members.  The Court appoints said

Plaintiffs to serve as class representatives.  The Court also finds that Alston Hunt

Floyd & Ing and ACLU of Hawai'i Foundation have been involved in this case

from the beginning and have extensive class action experience, and the Court

therefore appoints them as joint class counsel pursuant to FRCP 23(g).

## III.   PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT FOR INJUNCTIVE RELIEF

The Court has reviewed the proposed class settlement for injunctive relief

and finds that it is consistent with the terms of the Amended Stipulation already in

effect.  Based on this review and the Court's familiarity with the case, the Court

finds that the proposed settlement is the result of extensive, arms-length

negotiations between the parties.  The assistance of a federal judge acting as a

mediator in the settlement process confirms that the settlement is non-collusive.

The terms of the final injunctive relief are set out in the Court's stipulated

order.  Doc. No. 96-2.  The settlement provides real and tangible injunctive

benefits to the proposed settlement class.  Its terms are fair and adequate and well

within the range of reasonableness required for preliminary approval of the

settlement.  Based on these factors, the Court finds that the proposed class

settlement for injunctive relief satisfies the requirements of FRCP 23(e).

6

## IV.   THE FORM AND MANNER OF PROVIDING NOTICE TO CLASS MEMBERS

Unable to reach an agreement concerning the form of notice to be provided to class members or the procedure for providing notice, the parties submitted proposed versions of each, attached as exhibits to the Joint Motion, and requested resolution by the Court.  The Court directs the parties to utilize the class notice attached hereto as Exhibit 2.  The Court finds that said form of notice is clear and readily understandable by class members, provides the best notice practicable under the circumstances, and constitutes sufficient notice to the class.

Notice shall be provided in the follow manner:

1. By twice publishing the class notice in English in the Honolulu Star-Advertiser, once on a Saturday or Sunday, and once on a weekday;

2. By posting the class notice on the website where the City posts notice of enforcement actions.

3. By providing 20 copies of the class notice to every organization/ agency/shelter within the City & County of Honolulu included on the Department of Human Services' Homeless Services Agencies Directory, available at http://humanservices.hawaii.gov/bessd/ home/hp/homeless-services-agencies-directory/, along with Kokua Kalihi Valley, with the request that those organizations/agencies/shelters keep the notice posted in conspicuous places for at least 30 days.  The City shall not be responsible for any organization's/agency's/shelter's failure to post those notices as requested, so long as the City makes good faith requests that the signs be posted.

4. By making reasonable, good-faith efforts to post the class notice conspicuously, for a period of 30 days, at those locations where the City hereby issues a Summary Removal Notice or a Storage & Disposal Notice in the course of SPO/SNO Enforcement Actions.  The City shall

7

have reasonable discretion in determining the number and placement of such notices.

5. Between September 7, 2016 and October 7, 2016, the City shall provide a copy of the class notice to any individual provided either a Summary Removal Notice pursuant to the SNO or a Storage & Disposal Notice pursuant to the SPO.

All of the above-referenced notices shall be translated and made available in Chuukese (Lagoon), Marshallese, Samoan, Spanish, Tagalog, and Tongan.

The City has agreed to pay all costs associated with providing notice of the settlement, including the costs of translations and publication of the notice.

## V.   PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT REGARDING INJUNCTIVE RELIEF

### A.   Fairness hearing

The final fairness hearing shall be held on **Friday, October 28, 2016, at 9:00 a.m.**, before U.S. Magistrate Judge Kevin S.C. Chang.  The parties are directed to file a Joint Motion for Final Approval of the Class Action Settlement Regarding Injunctive Relief by no later than **Friday, September 23, 2016**.

### B.   Deadline for Providing Notice

The deadline for providing notice using the form of notice and the procedure outlined above shall be **Wednesday, September 7, 2016**.

### C.   Deadline for Filing Objections to Settlement

Any class member who wishes to object to the fairness, reasonableness, or adequacy of the settlement regarding injunctive relief must do so <u>in writing</u>.  Any

8

objections shall be <u>filed</u> with the Clerk of Court, at the address provided in the notice, by **Friday, October 7, 2016**.  Objections to the final approval of the settlement must state the basis for the objection.  Class members who have timely objected to the settlement in writing may also appear at the fairness hearing.  Any class member who does not timely file and serve such a written objection shall not be permitted to raise such objection, unless he or she can establish good cause, and any class member who fails to object in the manner prescribed herein shall be deemed to have waived, and shall be foreclosed from raising, any such objection.

### D.    Deadline for Submitting Responses to Objections

The parties may file responses to any class members' objections by **Friday, October 14, 2016.**

### E.    Motion for Attorneys' Fees and Costs

Plaintiffs have indicated that they intend to file a Motion for Attorneys' Fees and Costs, and requested that the matter be heard at the final fairness hearing.  If such a motion is to be addressed at the fairness hearing, the following briefing schedule applies:  1) Motion for Attorneys' Fees and Costs - **September 9, 2016**; 2) Statement of Consultation - **September 16, 2016**; 3) Opposition - **September 30, 2016**; 4) Reply - **October 14, 2016**.

## **CONCLUSION**

In accordance with the foregoing, the Court HEREBY RECOMMENDS that the Joint Motion, filed July 29, 2016, be GRANTED.

As noted above, the remaining proceedings shall be governed by the following schedule:

| | | |
|---|---|---|
| 1. | Notice to the Class | September 7, 2016 |
| 2. | Filing of Motion for Attorneys' Fees and Costs | September 9, 2016 |
| 3. | Filing of Statement of Consultation | September 16, 2016 |
| 4. | Filing of Joint Motion for Final Approval of Settlement | September 23, 2016 |
| 5. | Filing of Opposition to Fee Motion | September 30, 2016 |
| 6. | Filing of Objections/Exclusion by Class Members | October 7, 2016 |
| 7. | Filing of Responses to Objections and Reply to Fee Motion | October 14, 2016 |
| 8. | Final Fairness Hearing | October 28, 2016 at 9:00 a.m. |

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, August 15, 2016.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVILNO. 15-00363 HG-KSC; MARTIN, ET AL. V. CITY AND COUNTY OF HONOLULU; FINDINGS AND RECOMMENDATION TO  (1) GRANT JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT REGARDING INJUNCTIVE RELIEF; (2) PROVISIONALLY CERTIFY SETTLEMENT CLASS; (3) DIRECT DISSEMINATION OF NOTICE TO THE CLASS; AND (4) SET SCHEDULE FOR FINAL APPROVAL PROCESS