IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TABATHA MARTIN; TRACY MARTIN; T.M., a minor, by her parents and next friends TABATHA MARTIN and TRACY MARTIN; KIONINA KENESO; K.H., a minor, by her next friend KIONINA KENESO; TANAKO YUG; GABRIEL YUG; G.Y., a minor, by his next friends, TANAKO YUG and GABRIEL YUG; DIANA CHONIONG; JON JOSEPHSON; NORMA MANUEL; MENSI RIKAT; ARI RODEN; RIMUO RUNTE; and SNOPIA WEINEI, individually and on behalf of the class of homeless or formerly homeless individuals whose property was seized and destroyed by City and County of Honolulu officials,<br><br>        Plaintiffs,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU, a municipal corporation, and DOE EMPLOYEES OF CITY AND COUNTY OF HONOLULU 1-100,<br><br>        Defendants. | CIVIL NO. CV15-00363 HG-KSC<br><br>FINDINGS AND RECOMMENDATION TO APPROVE JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT REGARDING INJUNCTIVE RELIEF |

**FINDINGS AND RECOMMENDATION TO
APPROVE JOINT MOTION FOR FINAL APPROVAL OF
<u>CLASS SETTLEMENT REGARDING INJUNCTIVE RELIEF</u>**

The Court heard the Joint Motion for Final Approval of Class

Settlement Regarding Injunctive Relief by consent of the parties on

October 28, 2016.  Nickolas A. Kacprowski of Alston Hunt Floyd & Ing and Mateo Caballero of ACLU of Hawaii appeared on behalf of Plaintiffs.  Ernest H. Nomura, Deputy Corporation Counsel, appeared on behalf of the City and County of Honolulu.

The parties have entered into a settlement.  On July 29, 2016, the parties filed a Joint Motion for Preliminary Approval of Class Settlement Regarding Injunctive Relief.  CM/ECF No. 108.  On August 31, 2016, the Court entered its Order Adopting Magistrate Judge's Findings and Recommendations (ECF No. 113), as Modified ("Preliminary Approval Order"), which preliminarily approved the Class Settlement Regarding Injunctive Relief; provisionally certified the settlement class; directed the dissemination of notice to the class and set a schedule for the final approval process.  CM/ECF No. 114.

After satisfying all requirements set forth in the Preliminary Approval Order, and having received no objections to the proposed Class Settlement Regarding Injunctive Relief, the parties sought an order that finally approves the Class Settlement for Injunctive Relief.

The Court having reviewed the written submissions and having considered the comments submitted in the record finds and recommends

that the Joint Motion be granted.  There has been no opposition or objection to the Joint Motion or the proposed settlement.

Pursuant to Fed. R. Civ. P.23(e), the Court finds and concludes as follows:

1. The settlement taken as a whole is fundamentally fair, adequate and reasonable.  This finding is based on the consideration of all of the factors relevant to determining fairness, adequacy, and reasonableness and after balancing all of the factors with the policy that favors settlement. See Linney v. Cellular Alaska P'ship, 151 F.3d 1234, 1242 (9th Cir.1998); see also Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir.1998). The Court notes that victory in litigation is never guaranteed regardless of the strength of a plaintiff's case and that resolution by settlement is favorable.

2. The immediacy of resolution outweighs the risk of further litigation. Oppenlander v. Standard Oil Co. (Indiana), 64 F.R.D. 597 (D. Colo. 1974).

3. The settlement terms in this case are reasonable under the circumstances.

4. The parties had the opportunity to conduct and review meaningful discovery and examine the factual and legal bases of the claims before resolving the action.  Manual for Complex Litigation, Third, § 30.42 (1995).

City Partnership Co. v. Atlantic Acquisition Ltd. P'ship, 100 F.3d 1041, 1043 (1st Cir. 1996); see also New York v. Reebok Int'l Ltd., 903 F. Supp. 532, 535 (S.D.N.Y. 1995), aff'd, 96 F.3d 44 (2d Cir. 1996).

5. Counsel for both sides have extensive experience and that their recommendations should be given deference in this case. In re Painewebber Ltd. P'ships Litig., 171 F.R.D. 104, 125 (S.D.N.Y. 1997); Hanrahan v. Britt, 174 F.R.D. 356, 366–368 (E.D.Pa. 1997).

6. The absence of any objection to the settlement raises a strong presumption that the terms of the settlement are favorable to the class members and militates in favor of approving the settlement. 5 Moore's Federal Practice, § 23.85[2][d] (Matthew Bender 3d ed.); In re Marine Midland Motor Vehicle Leasing Litig., 155 F.R.D. 416, 420 (W.D.N.Y. 1994); Dillard v. City of Foley, 926 F. Supp. 1053, 1063 (M.D. Ala. 1995); In re Michael Milken and Assoc. Sec. Litig., 150 F.R.D. 46, 56–57 (S.D.N.Y. 1993); In re Fleet/Norstar Sec. Litig., 935 F. Supp. 99, 107 (D.R.I. 1996).

7. There is no evidence or even a suggestion that the settlement in this case is a product of fraud, overreaching, or collusion between the parties. Cotton v. Hinton, 559 F.2d 1326, 1330 (5th Cir. 1977).

8. The Court finds that the notice procedures employed, which are set forth in the order preliminarily approving the settlement, CM/ECF Nos.

113 & 114, were reasonable, and constituted the best notice practicable to the class.

9.  The Court will retain jurisdiction to enforce the Amended Stipulation, CM/ECF No. 96-2 at ¶ 7.

Based on the foregoing, the Court finds and recommends that the Joint Motion be granted.

SO ORDERED.

DATED:  Honolulu, Hawaii,  February 1, 2017.





Kevin S.C. Chang
United States Magistrate Judge